E-FILED 11/22/17

# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania insurance company,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a California public entity,<br><br>Defendant. | Case No. EDCV16-00128 PSG (SSx)<br><br>[~~PROPOSED~~] **FINAL JUDGMENT AND STAY ORDER**<br><br>Judge: Hon. Philip S. Gutierrez<br>Courtroom: 6A |
| COUNTY OF SAN BERNARDINO, a California public entity,<br><br>Counterclaimant,<br><br>v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania insurance company,<br><br>Counterdefendant. | |

# FINAL JUDGMENT AND STAY ORDER

Plaintiff and Counterdefendant The Insurance Company of the State of Pennsylvania ("ICSOP") and Defendant and Counterclaimant The County of San Bernardino (the "County") (collectively, the "Parties") have informed this Court that they have finalized an agreement which sets forth a framework for settling the claims at issue in this action, subject to the occurrence of certain contingencies set forth therein (the "Contingent Settlement Agreement").

The Court, having considered these matters, including the Contingent Settlement Agreement and all the papers filed in connection therewith, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. In accordance with the Court's March 8, 2017 Order Denying the County's Motion for Partial Summary Judgment and Interpreting the Insurance Policies in Favor of the Insurer (the "Anti-Stacking Ruling"), Dkt. No. 45, final judgment is entered in ICSOP's favor on its First Cause of Action in its First Amended Complaint and against the County to the extent of any related claims in its Corrected Counterclaim. The Court hereby declares and interprets that the "Prior Insurance Non-Cumulation of Liability" clause ("Condition C") contained in the ICSOP Policies (as defined in ICSOP's First Amended Complaint) is an "anti-stacking" provision that prevents the County from "stacking" the policy limits of each ICSOP Policy;

2. This Final Judgment is entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure;

3. The Court expressly finds that this Final Judgment constitutes a full and final disposition of a discrete claim in this multiple-claims action;

4. The Court expressly finds and determines that there is no just reason for delay in the entry of this Final Judgment;

5. The Court finds that the correct interpretation of Condition C is not

only at issue in this litigation, but also that the Parties have admitted that it presently and materially affects other pending insurance claims between them with respect to potential coverage for millions of dollars of loss that the County alleges it incurred in connection with its liability for purported environmental damages involving additional properties (the "Additional Stacking Disputes");

6. The Court finds that the remaining claims in this action, which deal with the number of covered occurrences at issue (if any) and the amount of covered loss (if any), are separate from the stacking issue addressed in the Anti-Stacking Ruling, and present questions of fact that are discrete from the legal issue of stacking;

7. The Court acknowledges that the Parties intend to and will appeal the Court's Anti-Stacking Ruling, which appeal will determine the payment, if any, of the Disputed Loss (as that term is defined by the Contingent Settlement Agreement) and the impact of the Anti-Stacking Ruling, if any, upon this action and the Additional Stacking Disputes;

8. The Court finds that the Parties have agreed in the Contingent Settlement Agreement that if there is no appellate review of the Anti-Stacking Ruling which results in a ruling on the legal merits regarding the interpretation of Condition C, the Contingent Settlement Agreement will be void. Under those circumstances, the Parties will then seek to try the remaining claims in this action and appeal the Anti-Stacking Ruling on its merits at the conclusion of trial. On the other hand, the Parties have also agreed that if such appellate ruling is issued on the legal merits regarding the interpretation of Condition C and such ruling becomes final, such finality will result in the Contingent Settlement Agreement becoming final and will also result in the Parties filing a stipulated dismissal of the remaining claims in this action with prejudice;

9. The Court further finds that an immediate appellate interpretation of Condition C will preclude courts from having to review the issue under California

law a second time, including in any litigation resulting from the Additional Stacking Disputes. Given the potential for continued and future litigation concerning this issue, an immediate interlocutory appeal will conserve significant judicial resources;

10. During the pendency of such appeal, the remainder of this action shall be stayed in all respects and all currently-scheduled dates shall be taken off calendar, until such time as the Parties shall jointly move to lift the stay or shall file a stipulated dismissal with prejudice of the remaining claims in this action;

11. No award of attorneys' fees or costs, or of expert fees or costs is made in favor of either the County or ICSOP in this matter; and

12. Without in any way affecting the finality of this Final Judgment and Stay Order, this Court hereby retains exclusive continuing jurisdiction over the Parties for the purposes of interpreting or enforcing this Final Judgment and Stay Order and the Contingent Settlement Agreement.

IT IS SO ORDERED

Dated: 11/22/17

_____
HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT COURT

Submitted by:

Andra B. Greene (CA SBN 123931)
Marc S. Maister (SBN 155980)
Harry J. Schulz, III (SBN 205625)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Attorneys for Defendant and
Counterclaimant
County of San Bernardino